**UNITES STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

DILLON M. WILENSKY, individually and
on behalf of all others similarly situated,

               Plaintiff,

    vs.

CAVALRY PORTFOLIO SERVICES, LLC,

               Defendant.

---

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF
THE FAIR DEBT COLLECTION
PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

This action is brought by Plaintiff Dillon M. Wilensky against Defendant Cavalry

Portfolio Services, LLC ("CPS") based on the following:

## PRELIMINARY STATEMENT

1.     This action arises from practices engaged in by defendant, when

attempting to collect consumer debts, that violate the Fair Debt Collection Practices Act

(FDCPA), 15 U.S.C. §§ 1692-1692p.

2.     The FDCPA regulates the behavior of "debt collectors" (including

collection agencies, collection attorneys, and debt buyers) when attempting to collect

consumer debt. Congress found "abundant evidence of the use of abusive, deceptive,

and unfair debt collection practices by many debt collectors" which "contribute to a

number of personal bankruptcies, marital instability, loss of jobs, and invasions of

individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to

eliminate abusive debt collection practices by debt collectors, to ensure that those debt

collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

3.      The FDCPA focuses on the conduct of the debt collector and not on the validity of the alleged debt. Whether a debt is actually owed has no relevance to whether the debt collector complied with the FDCPA. Consequently, the individuals whom the Act primarily protects are defined as "consumers." 15 U.S.C. § 1692a(3).

4.      The FDCPA, at 15 U.S.C. § 1692c, limits when and with whom a debt collector may communicate when attempting to collect a debt and, unless expressly permitted under § 1692c, 15 U.S.C. § 1692b restricts a debt collector's communications with third parties to obtaining "location information" about the consumer.

5.      When collecting or attempting to collect a debt, the FDCPA demands the debt collector treat people respectfully, honestly, and fairly by proscribing its use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

6.  When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g(a).

7.  When the collection process escalates to litigation, the FDCPA prohibits a lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

8.  The FDCPA is a strict-liability statute, which provides for statutory damages upon the showing of one violation, regardless of any actual damages.

9.  A debt collector's conduct violates the FDCPA when viewed from the perspective of the least sophisticated consumer.

10.  When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000, and a class may recover up to $500,000 or 1% of the debt collector's net worth, whichever is less. *Id.*

11.  Plaintiff is seeking, both individually and on behalf of all others similarly situated, such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees and costs.

## PARTIES

12.  Plaintiff Dillon M. Wilensky is a natural person who, resides in Nassau County, New York.

-3-

13.     CPS is a for-profit limited liability company formed under the laws of the State of Delaware.

14.     CPS maintains an office at 500 Summit Lake Drive, Suite 400, Valhalla, New York 10595.

15.     CPS's registered agent for service in New York is C T Corporation System, 28 Liberty St. New York, NY 10005.

## JURISDICTION & VENUE

16.     Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

17.     Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because Defendant is subject to personal jurisdiction in the State of New York at the time this action was commenced.

## FACTS

18.     CPS regularly engages in the collection or attempted collection of defaulted consumer debts allegedly owed to others.

19.     CPS is a business the principal purpose of which is the collection of defaulted consumer debts.

20.     In attempting to collect debts, CPS uses instruments of interstate commerce such as the mails, the telephone, and the internet.

21.     Prior to September 16, 2020, CPS contacted Mr. Wilensky to collect on an defaulted credit card account ("Debt").

-4-

22. Mr. Wilensky used the credit card to purchase goods and services that were primarily for personal, family, or household purposes.

23. Mr. Wilensky has never incurred any financial obligations in connection with a business transaction or in connection with any transactions other than for personal, family, or household purposes.

24. On September 16, 2020, Mr. Wilensky sent a letter to CPS, requesting that it cease all further communications with him with respect to the Debt.

25. A true and correct copy of Mr. Wilensky's letter is attached as *Exhibit A* except portions have been redacted.

26. Mr. Wilensky's letter stated in relevant part:

> By signing this letter, Dillon M. Wilensky is formally requesting that you cease all debt collection communication as required by the Fair Debt Collection Practices Act, 15 U.S.C. section 1692c(c).
>
> You are directed to stop all communication with Dillon M. Wilensky at [address] about the above referenced account.
>
> This letter is not meant in any way to be an acknowledgement that the consumer owes any money.
>
> Your cooperation is appreciated.

27. CPS sent a letter to Mr. Wilensky dated September 26, 2020.

28. A true and correct copy of CPS's letter is attached as *Exhibit B* except portions have been redacted.

29. CPS's Letter stated in relevant part:

> Cavalry is in receipt of a letter of dispute made pursuant to the Fair Credit Reporting Act ("FCRA") on the above-referenced account.
>
> In acknowledgment of the dispute, we have requested that consumer reporting agencies report the account as disputed.
>
> We have reviewed the dispute and find the dispute lacking in any specific facts or information which would allow us to conduct an investigation. Because the dispute alleges no specific information to form the basis for an investigation, we are unable to investigate the dispute pursuant to the FCRA.
>
> Please provide us with the specific information that is being disputed and an explanation of the basis of the dispute.

## CONDUCT COMPLAINED OF

30.     In response to a cease-and-desist letter, a debt collector "shall not

communicate further with the consumer with respect to such debt, except--

> (1) to advise the consumer that the debt collector's further efforts are being terminated;
>
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

15 U.S.C. 1692c(c)(1)-(3).

31.     CPS violated § 1692(c) because it did not cease communication with Mr.

Wilensky as he had clearly and unambiguously requested.

-6-

32.    Instead of ceasing communication with Mr. Wilensky, CPS requested additional information from him as though he had sent a dispute letter under the Fair Credit Reporting Act.

33.    CPS violated § 1692(c) because its letter was not the kind of letter permitted under subsections (1)-(3) as a response to Mr. Wilensky's cease-and-desist letter.

34.    Mr. Wilensky was confused by CPS's letter and distressed that CPS did not honor his cease-and-desist request.

## CLASS ALLEGATIONS

35.    CPS's letter is a form letter.

36.    Specifically, the letter was created by merging electronically-stored information specific to the Debt (including but not limited to the addressee's name and address) with predetermined electronically-stored text and any graphics defined by a template, and printing the result.

37.    Defendant's conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by Plaintiff, both individually and on behalf of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

38.    *Class Definition.* The Class is defined as:

> All natural persons to whom Cavalry Portfolio Services, LLC mailed a written communication in the form of *Exhibit B* to an address in the State of New York in response to a cease-

and-desist request during the Class Period beginning on January 21, 2021 and ending on February 11, 2021.

39.     The identities of the Class members are readily ascertainable from the business records of both CPS and those entities for whom CPS collects debts.

40.     *Class Claims.* The Class Claims are the claims which each Class member may have for any violation of the FDCPA arising from CPS having sent a written communication in the same form as *Exhibit B* in response to a cease-and-desist request.

41.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

        (a)     *Numerosity.* On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

        (b)     *Common Questions Predominate.* Common questions of law and fact exist as to all members of the Class and those questions predominate over any issues involving only individual class members because those questions concern the same conduct by Defendant with respect to each Class member.

        (c)     *Typicality.* Plaintiff's claims are are typical of those of the Class members because those claims arise from a common course of conduct engaged in by Defendant.

-8-

(d)     *Adequacy.* Plaintiff will fairly and adequately protect the interests of the Class members insofar as he has no interests that are adverse to those of the Class members. Moreover, Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling consumer lawsuits and class actions.

42.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

43.     Based on discovery and further investigation (including, but not limited to, disclosure by Defendant of class size and net worth), Plaintiff may seek class certification: (a) only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4); (b) using a modified definition of the Class or the Class Claims; or (c) using a different Class Period.

## CAUSE OF ACTION FOR VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

44.     The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

45.     CPS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

46.     The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

47.     Mr. Wilensky is a "consumer" as defined by 15 U.S.C. § 1692a(3).

48.     *Exhibit B* is a "communication" as defined by 15 U.S.C. § 1692a(2).

49.     The use and mailing of *Exhibit B* by CPS violated the FDCPA in one or more of the following ways:

> (a)     Ignoring a request to cease all communications with a consumer in violation of 15 U.S.C. § 1692c(c);
>
> (b)     Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;
>
> (c)     Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);
>
> (d)     Using an unfair means to collect or attempt to collect any debt.

## PRAYER FOR RELIEF

50.     WHEREFORE, Plaintiff requests judgment against, Defendant. Specifically, Plaintiff requests and order:

> (a)     Certifying this action as a class action pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

(b)     Awarding statutory damages to Mr. Wilensky and the Class

pursuant to 15 U.S.C. § 1692k(a)(2);

(c)     Awarding an incentive payment to Mr. Wilensky for his services on

behalf of the Class;

(d)     Awarding attorney's fees, litigation expenses, and costs pursuant to

15 U.S.C. § 1692k(a)(3);

(e)     Awarding, to the extent the recovery of attorney's fees, litigation

expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a

negative tax consequence to Mr. Wilensky or the Class, a sum

sufficient to ameliorate such consequences; and

(f)     Requring such other and further relief as may be just and proper.

## JURY DEMAND

Trial by jury is demanded on all issues so triable.


DATED:      January 21, 2021


*s/ Abraham Kleinman*

Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
Telephone: (516) 522-2621
Facsimile:  (888) 522-1692
E-Mail:  akleinman@kleinmanllc.com

Francis R. Greene
GREENE CONSUMER LAW
1954 1st St. #154
Highland Park, IL 60035
Telephone: 312-847-6979
Facsimile: 312-847-6978
E-mail: francis@greeneconsumerlaw.com

*Attorneys for Plaintiff, Dillon M. Wilensky*

# EXHIBIT A  TO THE COMPLAINT

Dillon M. Wilensky




September 16, 2020

Mr. Josh Burd
Cavalry Portfolio Services LLC
PO Box 520
Valhalla NY 10595

Re:    Ceasing Debt Collection Communication
       Cavalry Account Number:                      QUENTIN
       Original Institution:               Citibank NA / AAdvantage
       Original Account Number:            756061040189060670
       Disputed Amount of Debt:            $13,200.63
       Current Creditor:                   Cavalry SPV 1, LLC

Dear Mr. Burd.

By signing this letter, Dillon M. Wilensky is formally requesting that you cease all debt
collection communication as required by the Fair Debt Collection Practices Act,
15 U.S.C. section 1692c(c).

You are directed to stop all communication with Dillon M. Wilensky at
274 Round Swamp Road, Melville NY 11747 about the above referenced account.

This letter is not meant in any way to be an acknowledgement that the consumer owes
any money.

Your cooperation is appreciated.

Sincerely,

Dillon Wilensky

Dillon M. Wilensky

# EXHIBIT B  TO THE COMPLAINT


Cavalry

PO Box 520
Valhalla, NY 10595

Phone: (866) 434-2995
www.cavps.com



September 26, 2020

RE: Original Institution:      Citibank, N.A./AAdvantage
    Original Account No.:      XXXXXXXXXXXXX
    Cavalry Account No.:       XXXXXXX
    Current Creditor:          Cavalry SPV I, LLC

Dillon M Wilensky

Dear Dillon M Wilensky:

Cavalry is in receipt of a letter of dispute made pursuant to the Fair Credit Reporting Act ("FCRA") on the above-referenced account.

In acknowledgement of the dispute, we have requested that consumer reporting agencies report the account as disputed.

We have reviewed the dispute and find the dispute lacking in any specific facts or information which would allow us to conduct an investigation. Because the dispute alleges no specific information to form the basis for an investigation, we are unable to investigate the dispute pursuant to the FCRA.

Please provide us with the specific information that is being disputed and an explanation of the basis of the dispute.

If you have any questions, please contact us at 1-866-483-5139 from 9:00am to 5:00pm, Eastern Time, Monday through Friday.

Thank you for giving us the opportunity to address your concerns.

Sincerely,

Customer Relations Department
Cavalry Portfolio Services, LLC

HIS COMMUNICATION IS FROM A DEBT COLLECTOR. SEE REVERSE SIDE FOR ADDITIONAL IMPORTANT INFORMATION CONCERNING YOUR RIGHTS.